UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

YANCEY DANSBY,                                    Case No. 2:18-cv-01606-MC

          Plaintiff,                             OPINION AND ORDER

     v.

BRIGITTE AMSBERRY; ROBERT
RABB; NINA SOBOTTA; RON
MILES; DR. BUD BEAMER,
               Defendants.
_____

MCSHANE, District Judge:

     Plaintiff, an inmate at Eastern Oregon Correctional Institution (EOCI), filed this action

under 42 U.S.C. § 1983 and alleged that defendants exhibited deliberate indifference to his

medical needs and failed to comply with prison grievance procedures in violation of his rights

under the Eighth and First Amendments. Defendants now move for summary judgment on

grounds that the evidence of record does not support plaintiff's claims. Plaintiff fails to show that

defendants provided constitutionally inadequate medical care or interfered with his constitutional

rights to seek access to the courts. Defendants' motion is GRANTED.

1    - OPINION AND ORDER

<u>BACKGROUND</u>

In December 2009, plaintiff fractured his left ankle at EOCI and underwent surgery to repair the fracture. DiGiulio Decl. ¶ 8 & Exs. 3-4. Plaintiff had several follow-up visits with an orthopedic surgeon, and in February 2009 plaintiff was cleared to ambulate "in a normal manner." *Id.* Ex. 5.

In 2014, plaintiff complained of discomfort in his left ankle, and EOCI physician Dr. Beamer recommended that plaintiff purchase a shoe with supportive ankle support. DiGiulio Decl. ¶ 10. Plaintiff apparently did so.

In April 2018, plaintiff requested authorization to order "a new pair of special high top shoes," and Capt. Robb denied his request. Pl.'s Resp. Mot. Summ. J. at 4. Apparently, the shoes plaintiff wished to order were not available from the canteen, and, pursuant to a new authorization process, plaintiff needed medical authorization to purchase the shoes. *See* Sobotta Decl. Ex. 1 at 4; Pl.'s Decl. Ex. J.

Plaintiff submitted a grievance complaining about Capt. Rabb's denial of his request. Capt. Rabb responded and explained that the process had changed since plaintiff had last ordered shoes, and a documented medical need was required to purchase items that were not available through the canteen. *Id.*

In fall of 2018, plaintiff filed a grievance complaining about the work schedule of Grievance Coordinator Nina Sobotta and her alleged failure to process his grievances in a timely manner. *See* Smith Decl. & Exs. (Grievance No. EOCI 2018-11-075). Plaintiff filed a similar grievance against Ron Miles, Sobotta's supervisor, complaining about the work schedules of grievance office staff and Miles's inadequate oversight of the grievance office. *Id.* (Grievance No. EOCI 2018-11-077). Sobotta denied these grievances and returned them to plaintiff.

2    - OPINION AND ORDER

<u>DISCUSSION</u>

Plaintiff contends that defendants exhibited deliberate indifference to his medical needs by denying authorization for his requested shoes. Plaintiff also alleges that defendants interfered with his right to seek redress for his grievances and retaliated against him by denying his grievances and failing to adequately supervise the grievance office. Defendants move for summary judgment on all claims. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This Court must construe the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

A.  <u>Section 1983 Liability</u>

Plaintiff sues Brigitte Amsberry in her capacity as the then-superintendent of EOCI. However, he alleges no action or inaction taken by Supt. Amsberry that led to the alleged violation of his rights. Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no personal participation by Supt. Amsberry to support § 1983 liability.

Further, plaintiff has withdrawn the allegation that Dr. Beamer participated in the violation of his rights. Initially, plaintiff alleged that Dr. Beamer refused to provide the necessary medical authorization for his shoes. Am. Compl. Att. at 5-7. In his response to defendants' motion, however, plaintiff does not argue that Dr. Beamer refused to authorize his shoe request. Instead, plaintiff maintains that Dr. Beamer provided authorization for plaintiff's shoes and Capt.

Rabb refused to acknowledge Dr. Beamer's approval. Pl.'s Resp. Mot. Summ. J. at 2. Plaintiff

alleges no personal participation by Dr. Beamer in the alleged violation of his rights, and

summary judgment is granted in his and Supt. Amsberry's favor.

     B.  <u>Deliberate Indifference to Serious Medical Needs</u>

     Plaintiff contends that Capt. Rabb's denial of his request to order supportive, high-top

sneakers constituted deliberate indifference to his medical needs.

     Prison officials and physicians violate the Eighth Amendment's proscription against cruel

and unusual punishment when they act with deliberate indifference to an inmate's serious

medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with

'deliberate indifference ... only if the [official] knows of and disregards an excessive risk to

inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation

omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not

violate a prisoner's Eighth Amendment rights." *Id.* Assuming plaintiff shows a serious medical

need, he presents no evidence showing that Capt. Rabb was deliberately indifferent to that need.

     Capt. Rabb denied plaintiff's request because the shoes plaintiff wished to order were not

available from the canteen and plaintiff failed to demonstrate a medical need for those specific

shoes. *See* DiGiulio Decl. Ex. 1 at 4, 8. Pursuant to Health Services Policy P-F-01.2: "Inmates

with medical disorders for which special, non-standard footwear is a recognized and appropriate

part of the medical treatment program and for which no reasonable alternative exists will be

prescribed special footwear. Footwear prescribed as 'medically necessary' will be provided

regardless of the inmates ability to pay." *Id.* Ex. 2.

     Plaintiff produces no evidence that Dr. Beamer prescribed specific shoes for plaintiff or

otherwise deemed them "medically necessary." *See id.* ¶¶ 7, 11. Rather, medical notes reflect

that Dr. Beamer simply recommended supportive shoes and indicated plaintiff should be allowed to order shoes from the canteen for "medical issues." DiGiulio Decl. ¶ 9; Pl.'s Decl. Exs. G, K-L, Q. Thus, Capt. Rabb did not ignore or disregard medical authorization for plaintiff's requested shoes.

Further, defendants maintain and plaintiff does not dispute that supportive shoes were available for purchase from the canteen. Plaintiff fails to explain why the shoes offered from the canteen did not provide support similar to the high-top sneakers he wished to purchase. DiGiulio Decl. ¶ 10. Finally, based on documents submitted by plaintiff, he could have requested and received an ankle brace to provide additional support for his ankle. Pl.'s Decl. Ex. O.

In sum, plaintiff presents no evidence that Capt. Rabb was deliberately indifferent to his medical needs, and defendants' motion for summary judgment is granted on this claim.

C. Right of Access to the Courts

In Claims Two, Four, and Five, plaintiff alleges that Sobotta and Miles violated his rights to seek access to the courts by failing to properly process his grievances and by inadequately supervising grievance office staff.

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities as well as a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). However, prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Fairley v. Shelton*, 664 Fed. App'x 616, 617 (9th Cir. 2016) (affirming summary judgment on an inmate's claim alleging the improper denial of his grievance). Thus, defendants did not violate plaintiff's right to seek redress from prison officials based on their alleged failure to process his grievances within a certain time period.

To establish the denial of access to the courts, plaintiff must present evidence giving rise to a reasonable inference that defendants' conduct resulted in an "actual injury." *Lewis v. Casey,* 518 U.S. 343, 351-53 (1996); *Nevada Dep't of Corr. v. Greene,* 648 F.3d 1014, 1018 (9th Cir. 2011). In this context, actual injury "is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Greene*, 648 F.3d at 1018 (quoting *Lewis*, 518 U.S. at 348).

Plaintiff identifies no legal action that was either dismissed or foreclosed as a result of defendants' conduct, and he fails to show an actual injury due to the untimely processing of his grievances. Indeed, defendants' alleged non-compliance with the grievance process would not prevent plaintiff from filing suit or seeking redress for his complaints; it would merely prevent defendants from relying on exhaustion of the grievance process as an affirmative defense in federal court. Accordingly, plaintiff fails to show he was denied meaningful access to the courts, and summary judgment is granted on these claims.

D. <u>First Amendment Retaliation</u>

Finally, in Claim Three, plaintiff alleges that Sobotta denied two of his grievances in retaliation for his complaints about her.

Retaliation against prisoners for exercising their First Amendment right to file grievances "is itself a constitutional violation." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). To sustain a viable claim of First Amendment retaliation, plaintiff must show five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

6    - OPINION AND ORDER

An adverse action sufficient to support a retaliation claim requires "more than minimal" harm. *See Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012). The denial of a grievance, standing alone, is de minimis action and insufficient to establish a claim of First Amendment retaliation. *See, e.g., Burgos v. Canino*, 641 F. Supp. 2d 443, 454-55 (E.D. Pa.) (finding that the "mere denial of grievances" does not constitute adverse action for purposes of a retaliation claim), *aff'd*, 358 Fed. App'x 302 (3d Cir. 2009); *Colvin v. Horton*, 2019 WL 3927425, at *12 (W.D. Mich. Aug. 20, 2019) (holding that the failure to process a grievance is not adverse action); *Garcia v. Sleeley*, 2019 WL 2234789, at *9 (S.D. Cal. May 22, 2019) ("For example, the denial of a grievance or administrative appeal does not amount to an adverse action sufficient to deter a person of ordinary firmness from further First Amendment activities."); *Dicey v. Hanks*, 2015 WL 4879627, at *5 (E.D. Cal. Aug. 14, 2015) (accord).

Here, plaintiff identifies no adverse action taken against him, aside from Sobotta's denial of grievances complaining about the untimely responses to his prior grievances. Sobotta took no more than de minimis action against plaintiff, and he fails to establish the elements of a First Amendment retaliation claim.

<u>CONCLUSION</u>

Defendants' Motion for Summary Judgment (ECF No. 55) is GRANTED, and this action is DISMISSED. An appeal of this Order or Judgment dismissing this action would be frivolous or not taken in good faith, and plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this 14th  day of December, 2020.


s/  Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge